CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
MAR 0 6 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRYCE DOWNIE, | CIVIL ACTION NO. 3:05-CV-00021 |
| *Plaintiff,* | |
| v. | OPINION AND ORDER |
| REVCO DISCOUNT DRUG CENTERS, INC., | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is currently before the Court on Defendant's objections to the presiding United States Magistrate Judge's order, which granted in part and denied in part Plaintiff's Motion to Compel. For the reasons set forth below, the objections will be overruled.

## I. BACKGROUND

On May 5, 2004, Plaintiff Bryce Downie ("Downie"), who suffers from severe epilepsy, was terminated from his position as an Assistant Pharmacy Technician at a CVS store. Defendant Revco Discount Drug Centers, Inc. ("Revco") claims that Downie lost his position because he stole his prescription medications from the pharmacy. Downie, on the other hand, alleges that the medications in question were, unbeknownst to him, included in a bag with other medicine, and that he paid for the medicines that he thought were in the bag. Plaintiff contends that John Struder, a loss prevention specialist at CVS, intimidated Plaintiff and forced him to reveal protected medical information. Downie filed this suit for wrongful termination under the Americans With Disabilities Act, 42 U.S.C.A. § 12112 *et seq.*, alleging that CVS discriminated

against him and failed to reasonably accommodate his disability. The case was referred to the presiding United States Magistrate Judge.

On November 14, 2005, Plaintiff filed a Motion to Compel Discovery against Revco, to require Revco to respond or supplement the original responses to seven interrogatories and 17 document requests. The Magistrate Judge denied Plaintiff's motion as to two of the interrogatories, but granted the balance of the motion. Defendant filed timely objections to the Magistrate's order with respect to two of the remaining requests.

## II. DISCUSSION

Under the Federal Rules, this Court may modify only those portions of the Magistrate's Order which are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A finding is clearly erroneous when an examination of the record leaves the reviewing court with a "definite and firm conviction that a mistake has been committed." *Harmin v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1980) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

For good cause, parties may obtain discovery dealing with any matter which is relevant to the action. Fed. R. Civ. Pro. 26(b)(1). However, the courts may limit discovery which is "unreasonably cumulative or duplicative," or if "the burden or expense of the proposed discovery outweighs its likely benefit..." Fed. R. Civ. P. 26(b)(2). Revco argues that Request No. 14, for "[a]ll documents produced by John Struder between January 2003, and December, 2004;" and Request No. 18, for "[a]ll correspondence between Struder and anyone else employed by you from January, 2004 through the present time" are both irrelevant and overbroad. Defendant also argues that the requests at issue concern the subject matter of the action, rather than a claim or defense. As a result, Plaintiff must show "good cause" for the request. Fed R. Civ. P. 26(b).

2

Revco claims that the requests are not relevant to the subject matter of the case. However, relevancy is defined broadly: relevant material encompasses "any matter that bears on or reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Plaintiff's requests are relevant, because the documents and correspondence could reasonably lead to material that bears on an issue in the case: namely, whether Revco and its employee, Struder, has had other problems with the type of incident that allegedly triggered this lawsuit, or whether, in similar situations, Revco and Struder have treated other people differently than Plaintiff.

Revco also contends that Downie failed to show good cause for his requests. *See* Fed. R. Civ. P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). The good cause standard of Rule 26(b) "signals to the court that *it has the authority* to confine discovery to the claims and defenses asserted in the pleadings... The court may permit broader discovery in a particular case depending on the circumstances of the case..." Fed. R. Civ. P. 26(b), advisory committee's note (2000) (emphasis added). Thus, the good cause standard is "meant to be flexible," and the advisory committee intended to rely, to some extent, upon the discretion of the courts. *See id.* Thus, the Rule does not place a heavy burden on Plaintiff, and the fact that Plaintiff's request is relevant on its face could suffice to demonstrate good cause. Moreover, although in some cases courts have determined that requests for "all correspondence" or "all documents" were overbroad, in this case, the Magistrate Judge could reasonably have decided that the requests did not overburden Defendant. As a result, the Magistrate's order is not clearly erroneous or contrary to law, and Defendant's objections shall be, and they hereby are, OVERRULED.

3

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to all parties of record and Magistrate Judge Crigler.

ENTERED: *Norman K. Moon*
United States District Judge

March 6, 2006
Date

4