
CLERK'S OFFICE U.S. DIST. COURT
AT ~~CHARLOTTESVILLE~~ VA
Lynchburg
MAY 2006
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRYCE DOWNIE, | CIVIL ACTION NO. 3:05-CV-00021 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| REVCO DISCOUNT DRUG CENTERS, INC., | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on the motion for reconsideration of Defendant Revco Discount Drug Centers, Inc. ("Revco"). For the following reasons, this motion is DENIED.

**PROCEDURAL HISTORY**

On May 3, 2005, Plaintiff filed this suit for wrongful termination under the Americans With Disabilities Act, 42 U.S.C. § 12112 *et seq.*, alleging that CVS discriminated against him and failed to reasonably accommodate his disability. As part of the circumstances surrounding his firing, Plaintiff alleges that John Struder, a loss prevention specialist for CVS, intimidated Plaintiff and forced him to reveal protected medical information.

This case was referred to the presiding United States Magistrate Judge. On November 14, 2005, Plaintiff filed a motion to compel discovery against Revco, to require Revco to respond to or supplement the original responses to seven interrogatories and 117 document requests. After a

1

telephonic hearing on December 9, 2005, the Magistrate Judge denied Plaintiff's motion as to two interrogatories and granted Plaintiff's motion as the other requests. Defendant filed timely objections to the Magistrate Judge's order; Plaintiff filed no response to these objections, and on March 6, 2006, this Court overruled Defendant's objections. Defendant Revco now moves the Court to reconsider.

## DISCUSSION

The power to review an interlocutory order is committed to the discretion of the district court. *American Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 515 (4th Cir. 2003); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991) ("Interlocutory orders and judgments . . . are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires."). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence, and because of the interest in finality, the court should grant motions for reconsideration only sparingly. *Dayoub v. Penn-Del Directory Co.*, 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000) (citations omitted). *See also U.S. v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) ("A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence.") (citations omitted); *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) ("The main grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973). A motion to reconsider may also be appropriate where the Court

2

has misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error of apprehension. A controlling or significant change in the law or the facts also provides a potential basis for a motion for reconsideration. *Above the Belt, Inc. v. Mel Bohannan Roofing*, 99 F.R.D. 99 (E.D. Va. 1983).

Here, Revco argues that the Court should reconsider its Order overruling Revco's objections to the Magistrate Judge's order because (1) Plaintiff did not reply to Revco's objections; (2) the Court's Order of March 6, 2006 relied on erroneous assumptions regarding the nature of the Magistrate Judge's order. Revco notes specifically that the Magistrate Judge made no factual findings regarding the document requests at issue and that Plaintiff has failed to demonstrate good cause for such over-broad requests.

As to Revco's first argument, it is clear that Rule 72(a) does not require a non-objecting party to file any response to objections to a magistrate judge's order. Defendant acknowledged as much at oral argument, but contended that Plaintiff's silence on this matter, coupled with Defendant's supplemental discovery, should be treated by the Court as acquiescence. The mere fact that Plaintiff has not been more vociferous than the law requires does not qualify as grounds for reconsideration, however.

Revco's second argument rests on the requirements of Federal Rule 26(b)(1). This Rule provides in part that for good cause, parties may obtain discovery dealing with any matter which is relevant to the subject matter of the action. Fed. R. Civ. P. 26(b)(1). Revco argues that Downie has failed to show good cause for his discovery requests, and that Magistrate Judge Crigler has made no findings as to the existence of good cause. Further, Revco argues that even if the Court finds that good cause exists, the burden of the discovery requests at issue outweighs their likely

3

benefit under Rule 26(b)(2)(iii).

In support of its motion, Revco has not produced any substantial new evidence. Although it does offer its transcript of the hearing between the attorneys and Judge Crigler on December 9, 2005, the Court has already considered Revco's arguments related to the events at the hearing.[1] Neither has there been a controlling or significant change in the law since the Court's Order of March 6, 2006. Nor has Revco shown that the Court has misapprehended the facts or the law at issue.

As noted in its earlier Order, this Court may only modify those parts of the Magistrate Judge's Order which are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A magistrate's decision is clearly erroneous if the district court is left with the "definite and firm conviction" that a mistake has been made. *Harmin v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1980) (citing *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Here, the Court has been left with no such conviction. As the Court's Order of March 6 noted, relevancy is defined broadly, and Plaintiff's requests are relevant because they could reasonably lead to material that bears on an issue in the case. Further, the Order noted that the fact that a request is relevant on its face is sufficient to demonstrate good cause. The fact that the Magistrate Judge made no specific findings of relevancy or good cause as to these requests is beside the point; no such finding is required. All that Rule 72(a) requires is "a written order setting forth the disposition of the matter." Fed. R. Civ. P. 72(a).

Further, given Revco's previous lack of cooperation with the discovery process, the

---

[1] Indeed, a magistrate judge is not required to hold oral argument, and thus the fact that these particular objections were not discussed at the hearing is not a source of error. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150-51 (6th Cir 1996).

4

Magistrate Judge could have found that good cause for such requests exists. Although a court may limit discovery if it finds that the burden of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the proposed discovery in resolving those issues, Fed. R. Civ. P. 26(b)(2)(iii), the court is not *required* to so limit discovery. Here, Defendant has failed to show that the Magistrate Judge's order was clearly erroneous or contrary to law. The motion to reconsider must therefore be DENIED.

An appropriate order shall issue this day.

ENTERED: *[signature]*
U.S. District Judge

5/1/06
Date